UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHELLE WEATHERSPOON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. 1:20-cv-02077-TWP-MJD |
| ROSEMARY KHOURY, | ) ) ) |
| Defendant. | ) |

**ENTRY GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant Rosemary Khoury ("Khoury") (Filing No. 8). *Pro se* Plaintiff Michelle Weatherspoon ("Weatherspoon") initiated this action under 42 U.S.C. § 1983 ("Section 1983"), arguing that Khoury deprived her "right to due process and equal protection of the laws" when she "wanted to dispute a traffic violation." (Filing No. 1 at 2.) Khoury, a deputy prosecutor, moves to dismiss, arguing that she is shielded from suit by both the Eleventh Amendment and absolute prosecutorial immunity (*see* Filing No. 9 at 3, 5). For the following reasons, Khoury's Motion is **granted**.

### I.   BACKGROUND

The following facts are not necessarily objectively true, but, as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in favor of Weatherspoon as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

On an evening in either October or November 2018, Weatherspoon was stopped for speeding in Ingalls, Indiana, and told by the patrolling officer that she could dispute the allegation in court (Filing No. 1 at 5). Though Weatherspoon attended two hearings on the matter at the

Edgewood Town Court, the officer failed to appear either time. *Id.* After the second hearing, Weatherspoon approached a court staff member and then deputy prosecutor Khoury about her continued desire to dispute the citation. Khoury told Weatherspoon that "the officer was not there," that "she would notify him and get his side of the story," and that Weatherspoon "could go." *Id.* Another hearing was later set, but Weatherspoon was not notified and was subsequently required "to pay the fine." *Id.* On August 7, 2020, Weatherspoon filed this action against Khoury, arguing that Khoury violated her civil rights and seeking $25,000.00 as "punitive damages for the emotional distress and the impact all this has caused [her] with the BMV and [her] business and job opportunities." *Id.* at 1, 6. Khoury, in turn, timely moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on October 9, 2020 (Filing No. 8). Weatherspoon filed a Response in Opposition (Filing No. 11) and later a surreply titled "Responses and Objections to the Defendant's Reply in Support of Motion to Dismiss." (Filing No. 14.) However, neither filing provided cogent argument.

## II.   LEGAL STANDARD

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. The allegations, however, must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that

2

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Weatherspoon is proceeding without counsel. *Pro se* complaints like that filed by Weatherspoon are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch,* 517 F.3d 489, 491 n.2 (7th Cir. 2008). Liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so. Despite this liberal construction, the court will not invent legal arguments for litigants and is not obliged to accept as true legal conclusions or unsupported conclusions of fact. *County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006) (internal quotations and citations omitted).

### III. DISCUSSION

In this action, Weatherspoon—bringing her claims pursuant to Section 1983—asserts that Khoury, in her official capacity, deprived her of her "right to due process and equal protection of the laws." (Filing No. 1 at 2.) Khoury asserts that (1) these claims are barred by the Eleventh Amendment and (2) her actions are shielded under absolute prosecutorial immunity. (Filing No. 9 at 3, 5.)

Weatherspoon fails to meaningfully respond to Khoury's arguments in her "Objection to Memorandum in Support of Motion to Dismiss". (*See generally* Filing No. 12.)[1,] The Court will

---

[1] As noted above, Weatherspoon also filed an "Objection to the Motion to Dismiss for Misleading Unrelated Exhibit 1." (Filing No. 11.) This filing centers on Weatherspoon's assertions that (1) she was uncertain whether a proposed entry granting the motion to dismiss attached by Khoury was "an official one or just one that was typed by the defendant's [counsel] and mailed in hopes to secure the order in [her] favor" and (2) an attached exhibit from an unrelated case indicating that "Rosemary Khoury" was a "Prosecuting Attorney, 50th Indiana Judicial Circuit" was "a fraudulent attempt to prejudice [her] claim." (Filing No. 11 at 2, 3.) As for this first contention, submitting proposed entries with a motion is regular practice in this Court, and Khoury merely submitted the proposed entry for the Court's convenience (*see* Filing No. 13 at 2). Regarding the second contention, Khoury made clear that this exhibit was attached "for the limited purpose of establishing that Defendant is a state official acting as a deputy prosecutor before the Edgewood Town Court." *Id.* The Court will view it only as such.

3

first consider Khoury's latter contention—that her actions are shielded by absolute prosecutorial immunity—with the aim of avoiding unnecessarily passing upon a constitutional question. *See Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Const. Trades Council*, 485 U.S. 568, 575 (1988) ("[C]onstitutional issues [should] not be needlessly confronted.").

In an "official-capacity action, [personal] defenses are unavailable. The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment." *Kentucky v. Graham*, 473 U.S. 159, 167 (1985) (citations omitted). Accordingly, Khoury, sued in her *official* capacity, cannot assert the *personal* defense of absolute prosecutorial immunity. *See Lewis v. Clarke*, 137 S. Ct. 1285, 1291 (2017) ("An officer in an individual-capacity action, on the other hand, may be able to assert *personal* immunity defenses, such as, for example, absolute prosecutorial immunity in certain circumstances."). But even if she could, this protection would not safeguard her. When "determining whether actions taken by government officials enjoy absolute immunity or qualified immunity, [courts apply] a 'functional approach . . . which looks to the nature of the function performed, not the identity of the actor who performed it.'" *Jones v. Cummings*, No. 20-1898, 2021 WL 2134298, at *4 (7th Cir. May 26, 2021) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)). Courts should hold "prosecutors absolutely immune in civil suits for damages under section 1983 for activities 'intimately associated with the judicial phase of the criminal process.'" *Id.* (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). On the other hand, "prosecutors acting in the role of administrator or investigator are entitled only to qualified immunity." *Id.* (citing *Burns v. Reed*, 500 U.S. 478, 495–96 (1991)). "A prosecutor's 'motives are irrelevant to the absolute immunity question when the actions she is accused of taking are intimately associated with the quasi-judicial phase of the criminal process.'" *Id.* (citing *Tobey v. Chibucos*, 890 F.3d

4

634, 649–50 (7th Cir. 2018)). In short, the Court need only assess whether a prosecutor was engaging in any "core prosecutorial functions." *Id.*

Khoury was not engaged in a core prosecutorial function—entitling her to absolute prosecutorial immunity—when she told Weatherspoon that "the officer was not there," that "she would notify him and get his side of the story," and that Weatherspoon "could go." (*See* Filing No. 1 at 5.) These actions comprise "administrative tasks" not protected by absolute immunity. *See Auriemma v. Montgomery*, 860 F.2d 273, 277 (7th Cir. 1988) (noting that "administrative tasks . . . are not intimately associated with the judicial process"). In other words, this conduct was not closely tied to "the court-related duties of government attorneys," *id.* at 278 (citing *Imbler*, 424 U.S. at 430), such as "the decision to prosecute," *Hartman v. Moore*, 547 U.S. 250, 262 (2006) (citing *Imbler*, 424 U.S. at 431).

Though the Seventh Circuit has noted "that absolute immunity covers 'what goes on in the courtroom,'" *Katz-Crank v. Haskett*, 843 F.3d 641, 647 (7th Cir. 2016) (quoting *Bianchi v. McQueen*, 818 F.3d 309, 318 (7th Cir. 2016)), Khoury's "courtroom" conduct here is not of the presumed type where "the overriding public policy justification of freeing the judicial process from intimidation and harassment [justifies] the costs imposed upon society by absolute immunity," *Auriemma*, 860 F.2d at 277.

Without absolute prosecutorial immunity barring these claims against Khoury, the Court will turn to the Eleventh Amendment. Khoury fares better there. Under the Eleventh Amendment, "a federal court generally may not hear a suit brought by any person against a nonconsenting State." *Allen v. Cooper*, 140 S. Ct. 994, 1000 (2020). For its part, Section 1983 imposes liability on "[e]very *person* who, under color of any . . . State [law]," violates the federal rights of another. (Emphasis added). In tandem, the Eleventh Amendment bars Section 1983 suits that seek damages

against states and individual state officials acting in their official capacities. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989) (holding "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983," and thus are shielded by the Eleventh Amendment).[2]

The suit against Khoury—as a deputy prosecutor in her official capacity (*see* Filing No. 1 at 3)—is functionally against the State of Indiana. *See Katz-Crank*, 843 F.3d at 647 (holding that claims brought against Indiana deputy prosecutors in their official capacities were "the equivalent of claims against the state"). Weatherspoons claims for damages against Khoury in her official capacity fail because the State of Indiana is entitled to the protection of the Eleventh Amendment. *Id.* (holding that "all claims against [Indiana deputy prosecutors] in their official capacities were properly dismissed on Eleventh Amendment grounds").[3] Accordingly, the Court **grants** Khoury's Motion to Dismiss based upon Eleventh Amendment sovereign immunity.

### IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Khoury's Motion to Dismiss (Filing No. 8). All claims against Khoury are **dismissed without prejudice**.[4] Weatherspoon has until **June 25, 2021** to file an Amended Complaint, if such a filing is not an exercise in futility. Because Weatherspoon is proceeding *in forma pauperis* under 28 U.S.C. § 1915, if an Amended Complaint

---

[2] Though Congress may abrogate a state's Eleventh Amendment immunity from suit if it unequivocally expresses its intent to abrogate and it acts pursuant to a valid grant of constitutional authority, *Tennessee v. Lane*, 541 U.S. 509, 517 (2004), no waiver exists with respect to the official capacity claim against deputy prosecuting attorney Khoury.

[3] The Court notes that Weatherspoon's relief sought—a request for "punitive damages" (*see* Filing No. 1 at 6)—is ordinarily pursued in actions against defendants acting in their personal capacities. *See Holly v. City of Naperville*, 571 F. Supp. 668, 673 (N.D. Ill. 1983) ("We grant the motion to dismiss the punitive damages claim under § 1983 against . . . the individual defendants to the extent the individual defendants are sued in their official capacities. If plaintiff intends to sue the City officials in their individual capacities, he should amend his complaint to reflect this."); *see also* Filing No. 14 at 2 (arguing that "the Defendant acted outside [her] official capacity").

[4] "When a complaint fails to state a claim, the plaintiff ordinarily should receive at least one opportunity to amend it, unless an amendment would be futile." *Olrich v. Kenosha Cty.*, 825 F. App'x 397, 400 (7th Cir. 2020) (citing *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015)).

is filed, the Court will screen that complaint. If nothing is filed, final judgment will issue upon expiration of the deadline.

**SO ORDERED.**

Date: 6/11/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Michelle Weatherspoon
309 South White Avenue
Sheridan, Indiana  46069

Archer Riddick Randall Rose
INDIANA ATTORNEY GENERAL'S OFFICE
archer.rose@atg.in.gov