**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| MICHELLE WEATHERSPOON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-02077-TWP-MJD |
| | ) | |
| ROSEMARY KHOURY, Deputy Prosecutor of | ) | |
| Edgewood Court in Indiana, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of

Civil Procedure 12(b)(6) by Defendant Rosemary Khoury ("Khoury") (Dkt. 23). *Pro se* Plaintiff

Michelle Weatherspoon ("Weatherspoon") filed an Amended Complaint under 42 U.S.C. § 1983

("Section 1983"), alleging that Khoury engaged in "Prosecutorial Misconduct pursuant [to] title

18, U.S.C., SECTION 242 depriving plaintiff of her constitutional rights under the color of law;

Deprivation of Due Process Pursuant [to] 4th amendment right; Deprivation of the right to confront

the plaintiff[']s accusser [sic] Pursuant [to] 6th Amendment right."  (Dkt. 20 at 2.)  The Court

screened the Amended Complaint and determined that Weatherspoon's request for injunctive relief

in her Amended Complaint, which is not barred by Eleventh Amendment immunity, may proceed.

(Dkt. 21). Khoury moves to dismiss arguing that she does not have the authority to provide the

requested relief—reinstatement of Weatherspoon's driver's license—so Weatherspoon has failed

to state a claim upon which relief can be granted.  Also before the Court is a Motion for Leave to

File a Third Amended Complaint to Correct Unintentional Defect filed by Weatherspoon. (Dkt.

33.) For the reasons that follow, Khoury's Motion to Dismiss is **granted** and Weatherspoon's

Motion for leave is **denied**.

(

## I.      LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint

that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When

deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations

in the complaint and draws all inferences in favor of the plaintiff.  *Bielanski*, 550 F.3d at 633.

However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions

of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United

States Supreme Court explained that the complaint must allege facts that are "enough to raise a

right to relief above the speculative level."  550 U.S. 544, 555 (2007).  Although "detailed factual

allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the

elements of a cause of action" are insufficient.  *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581

F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of

a claim without factual support").  The allegations must "give the defendant fair notice of what the

… claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently,

the complaint must include "enough facts to state a claim to relief that is plausible on its face."

*Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted).

To be facially plausible, the complaint must allow "the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(citing *Twombly*, 550 U.S. at 556).

*Pro se* complaints, like that filed by Weatherspoon, are construed liberally and held to a

less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d

489, 491 n.2 (7th Cir. 2008). Liberal construction means that if the court can reasonably read the

pleadings to state a valid claim on which the party could prevail, it should do so.  Despite this

liberal construction, the court "will not invent legal arguments for litigants and is not obliged to

accept as true legal conclusions or unsupported conclusions of fact."  *County of McHenry v.*

*Insurance Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006) (internal citations and quotation

marks omitted).

## II.    BACKGROUND

The following facts are not necessarily objectively true, but, as required when reviewing a

motion to dismiss, the Court accepts as true all factual allegations in the Amended Complaint and

draws all inferences in favor of Weatherspoon as the non-moving party.  *See Bielanski v. County*

*of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Weatherspoon was stopped by a police officer in Ingalls, Indiana, for a speeding violation

and given a ticket.  To dispute the ticket, Weatherspoon attended an initial hearing on April 5,

2018, where she pled not guilty to the violation.  At that time, she was given a new hearing date

of August 14, 2018.  She attended that hearing, and at the hearing, Weatherspoon rejected the plea

deal that was offered and spoke to Khoury (the deputy prosecutor) about her charges.  Khoury told

Weatherspoon that she wanted to communicate with the police officer first to get his side of the

story, that she would reschedule the hearing, and that Weatherspoon was free to leave.  Another

hearing was scheduled by Khoury, but she did not provide notice to Weatherspoon about the

hearing.  As a result, Weatherspoon did not attend the hearing because she was unaware of it, and

the court entered a "failure to appear" along with a judgment against Weatherspoon and an

assessment of fees and costs.  This resulted in Weatherspoon's driving privileges being suspended,

and the suspension was subsequently extended when Weatherspoon was unable to show proof of insurance two years later in 2020.  (Dkt. 20 at 2, 5.)

On August 7, 2020, Weatherspoon initiated this action against Khoury (Dkt. 1).  In response, Khoury filed a motion to dismiss based upon Eleventh Amendment sovereign immunity as well as prosecutorial immunity, and the Court granted dismissal based upon sovereign immunity (Dkt. 8; Dkt. 15).  The Court provided an opportunity for Weatherspoon to amend her Complaint, which she did on August 19, 2021 (Dkt. 20).  Weatherspoon's Amended Complaint again asserts a Section 1983 claim against Khoury in her official capacity as a deputy prosecutor.  *Id.* at 2–3. Weatherspoon requests relief in the form of $500,000.00 in punitive damages, removal of the state court traffic violation judgments, and the restoration of her driver's license privileges.  *Id.* at 6.

On August 23, 2021, the Court screened Weatherspoon's Amended Complaint and explained,

> Weatherspoon again asks for punitive damages, which are not permitted as noted in the Court's Entry Granting Defendant's Motion to Dismiss. However, Weatherspoon also asks for injunctive relief in her Amended Complaint, which is not barred by Eleventh Amendment immunity. *See Kashani v. Purdue Univ.*, 813 F.2d 843, 848 (7th Cir. 1987). Therefore, the claim may proceed; however, this ruling is without prejudice to the filing of a proper Rule 12 motion.

(Dkt. 21 at 1) (footnote omitted).  Soon thereafter, Khoury filed the Motion to Dismiss which is before the Court.  (Dkt. 23.)

### III.   DISCUSSION

Khoury asserts that dismissal is required because Weatherspoon is seeking relief that Khoury, a deputy prosecutor, cannot provide.  A deputy prosecutor of the State of Indiana has no power to remove a judgment or restore a driver's license.  The authority to remove a judgment rests with the courts of proper jurisdiction in the State of Indiana, and only those courts or the Indiana Bureau of Motor Vehicles may reinstate a driver's license.  Thus, Weatherspoon is asking

this Court to order Deputy Prosecutor Khoury to do something she cannot do.  As such, Weatherspoon fails to state a claim upon which relief can be granted, and her Amended Complaint must be dismissed.  To support her argument that she lacks authority to provide Weatherspoon's requested relief, Khoury points the Court to the Indiana Code and the Indiana Rules of Trial Procedure.  *See* Ind. Code § 9-30-3, *et seq.*; Ind. Code § 33-39-2, *et seq.*; Ind. Code § 33-39-1-5; Ind. T.R. 60(B).

Put another way, Khoury argues, Weatherspoon does not have standing to proceed in this Court.  To support a claim moving forward in federal court, the plaintiff must have standing.  If the plaintiff cannot establish that the defendant has the ability to provide the requested relief, then she does not have standing to proceed, and the federal court should dismiss the case.  "The party invoking federal jurisdiction must establish the elements of standing: (1) that she suffered an injury in fact, (2) that the injury is causally connected to the challenged conduct of the defendant, and (3) that the injury is likely to be redressed by a favorable judicial decision." *Doe v. Holcomb*, 883 F.3d 971, 975 (7th Cir. 2018) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Khoury argues that it is this last prong that Weatherspoon cannot establish.

In *Doe*, the plaintiff sought an injunction against a county clerk to prevent the clerk from enforcing a statutory requirement that individuals who petition for a name change must prove United States citizenship.  The Seventh Circuit ruled against the plaintiff, in part, because the clerk did not have authority to grant or deny name change petitions; rather, the clerk only provided information to the public about the name change requirements.  Thus, the plaintiff could not satisfy the requirements of causation and redressability for standing. *Doe*, 883 F.3d at 978–79.  Khoury argues that similarly in this case, just as the clerk in *Doe* lacked the authority to grant or deny a name change petition and thus could not provide the relief plaintiff sought, so too does Khoury

lack the authority to either reinstate Weatherspoon's driving privileges or to set aside a judgment. Therefore, Khoury asserts, Weatherspoon cannot establish the necessary element of redressability to support standing, and thus, this case must be dismissed.[1]

Weatherspoon responds by focusing on allegations of Khoury's prosecutorial misconduct. Weatherspoon argues that there are facts showing the Khoury engaged in misconduct as the deputy prosecutor, and thus, she should be able to proceed on her claim against Khoury. However, Weatherspoon fails to respond to Khoury's argument regarding the lack of standing based on redressability issues.

Khoury's argument is well-taken and supported by case law. Khoury is not the proper defendant in this case in this federal Court because she does not have the authority to and cannot provide the requested relief. Thus, a favorable decision against the named defendant would not redress the plaintiff's injury and provide the requested relief, which is required for standing to allow a plaintiff to proceed. And as explained in previous Orders of this Court, because of sovereign immunity provided by the Eleventh Amendment to states and their officials sued in their official capacities, Weatherspoon cannot pursue claims for monetary damages against Khoury in federal court. The relief Weatherspoon seeks against this Defendant in this federal Court cannot be granted, so she has failed to state a claim upon which relief can be granted, and she has failed to establish standing in this federal Court. Weatherspoon must pursue her desired recourse in a court that has jurisdiction. Therefore, the Motion to Dismiss must be **granted**.

After the Motion to Dismiss was fully briefed by the parties, Weatherspoon filed a motion for leave to file a third amended complaint (Dkt. 33). Weatherspoon was already provided an

---

[1] Khoury advances an alternative argument and attaches exhibits from other judicial proceedings to her Motion to Dismiss in support of that alternative argument. Weatherspoon takes issue with and objects to Khoury submitting evidence at this stage of the litigation. The Court declines to consider Khoury's alternative argument, and the Court also declines to consider the evidence submitted by Khoury when deciding this Motion to Dismiss.

opportunity to amend her pleadings to submit a sufficient complaint, and she did file her Amended

Complaint. In light of the Court's ruling on the Motion to Dismiss, the Court **denies**

Weatherspoon's motion to file a third amended complaint. The Court has reviewed the proposed

third amended complaint, (Dkt. 33-1), and such a filing would be futile because of the hurdles of

Eleventh Amendment sovereign immunity and a lack of standing. *See Doermer v. Callen,* 847

F.3d 522, 528 (7th Cir. 2017) (the court was under no obligation to allow further amendments

where doing so would be futile, as it would be here.).

### IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Khoury's Motion to Dismiss, Dkt. [23], and

**DENIES** Weatherspoon's Motion for Leave to File Amended Complaint, Dkt. [33]. Final

judgment consistent with this Entry will issue under separate order.

**SO ORDERED.**

Date:   5/18/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Michelle Weatherspoon
10242 Toll House Way
Fishers, Indiana  46037

Benjamin Charles Wade
INDIANA ATTORNEY GENERAL'S OFFICE
ben.wade@atg.in.gov